UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN STERN AND ABRAHAM STERN, IN THEIR CAPACITIES AS TRUSTEES OF TOV V'CHESED FOUNDATION,<br>　　Plaintiffs,<br><br>v.<br><br>ROBERT E. GHENT; LAWLOR TITLE GROUP, LLC; GHENT REALTY ADVISORS, LLC; MOUSTAPHA DIAKHATE; ANSONIA DEVELOPERS, LLC; JOHN DEVINE; JOHN DEVINE & ASSOCIATES; JOHN DEVINE LAW FIRM; CHARLES A. LIBERTI; RAYMOND R. MILLER, SR.; BLUE RIBBON APPRAISALS, LLC; and THOMAS W. CALKINS,<br>　　Defendants. | No. 3:20-cv-01919 (VLB)<br><br>September 15, 2021 |

### ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL FINAL JUDGMENT ON THE PLEADINGS AGAINST DEFENDANTS MOUSTAPHA DIAKHATE AND ANSONIA DEVELOPERS, LLC, [ECF NO. 82]

Before the Court is Plaintiffs' Motion for Partial Final Judgment on the Pleadings against Defendants Moustapha Diakhate ("Diakhate") and Ansonia Developers, LLC ("ADL") pursuant to Federal Rules of Civil Procedure 12(c) and 54(b) on Plaintiffs' Counts III and IV for Breach of Contract against ADL and Breach of Guaranty against Diakhate. [ECF No. 82]. ADL and Diakhate do not oppose Plaintiffs' Motion, "as they acknowledge that Defendant Ansonia Developers, LLC is in default of the payment terms of the Tov Note, and that Defendant Moustapha Diakhate, who has not paid the defaulted Tov Note to the Plaintiffs, is in breach of

1

his personal guaranty of the Tov Note." [ECF No. 88]. For the following reasons, Plaintiffs' Motion is GRANTED.

In December 2017, the Tov V'Chesed Foundation, through its counsel, negotiated with ADL and its sole member, Diakhate, concerning a $2,500,000.00 mortgage loan. [ECF No. 68 ¶ 36]. At the closing of the transaction (the "Closing") on December 26, 2017, Plaintiffs entered into the mortgage loan and loaned $2,500,000 to ADL. *Id.* ¶ 58.

Diakhate executed and delivered a Guaranty, personally, unconditionally and absolutely guaranteeing payment of the loan (the "Diakhate Guaranty"). *Id.* ¶ 60. At the Closing, Tov V'Chesed disbursed the original principal amount of $2,500,000 to fund the Tov Mortgage Loan. *Id.* ¶ 61.

After the Closing, on September 1, 2018, ADL defaulted under the loan by failing to make the required payment and have not made any required payments since. *Id.* ¶ 62; [ECF No. 63 (Answer) ¶ 98(a) (admitting that "ADL has failed to pay each and every monthly periodic installment of interest from August 2018 to the present"). Diakhate has not lived up to his Guaranty, failing to pay the amounts owed by ADL on the mortgage loan. [ECF No. 88 (admitting that "Defendant Moustapha Diakhate, who has not paid the defaulted Tov Note to the Plaintiffs, is in breach of his personal guarantee of the Tov Note.")].

On December 23, 2020, Plaintiffs brought this action against ADL for Breach of Contract (Count III) and Diakhate for Breach of Guaranty (Count IV). Plaintiffs also brought suit against the Ghent Defendants, ADL's real estate brokers, the Devine Defendants, ADL's attorneys, the Blue Ribbon Defendants, who allegedly

prepared the appraisal for the properties at interest, and Attorney Thomas Calkins, who prepared a title report for the properties. [ECF No. 68]. Count One alleges fraud against ADL, Diakhate, the Ghent Defendants and the Devine Defendants for allegedly making material misrepresentations regarding the subject properties to Plaintiffs detriment, Count Two alleges misrepresentation against all Defendants, Count Five alleges violation of violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b, *et seq.* ("CUTPA") against the Ghent Defendants, ADL and Diakhate, and Count Six alleges civil conspiracy liability against all Defendants.

Plaintiffs now move for partial final judgment against ADL and Diakhate, and request that the Court enter an Order "(1) entering judgment, jointly and severally, against Defendants Moustapha Diakhate and Ansonia Developers, LLC (collectively, the "ADL Defendants") on Counts Three and Four of the Complaint in the amount of $4,169,103, with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961 from the date of final judgment until paid in full against each of the ADL Defendants, jointly and severally; (2) certifying that there is 'no just reason for delay' pursuant to Fed. R. Civ. P. 54(b); (3) confirming that Plaintiffs may immediately obtain a writ of execution and begin any other judgment-collection activities against the ADL Defendants; (4) declaring that judgment against the ADL Defendants on Counts One, Two, Five, and Six will be delayed until final judgment is entered against all Defendants; (5) declaring that Plaintiffs may move to amend the judgment at any time to add additional interest and their attorney's fees and costs; and (6) for all other relief that the Court deems just." [ECF No. 82 at 1-2].

"When 'multiple parties are involved' in one action, 'the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.'" *Rudeen v. Allstate Ins. Co.*, No. 3:16-cv-00827 (JBA), 2019 WL 5864501, at *1 (D. Conn. Nov. 8, 2019) (citing Fed. R. Civ. P. 54(b)). "Thus, to have a final judgment under the rule, (1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment." *Id.* (quoting *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) (emphasis in original)).

As to the determination of "no just reason for delay," it is well-settled that such determination is "left to the sound judicial discretion of the district court and is to be exercised in the interest of sound judicial administration." *Ginett*, 962 F.2d at 1092. "[N]ow that the garden-variety civil complaint often involves multiple claims and/or multiple parties," a case amenable to for Rule 54(b) relief need not be "'unusual,' 'exceptional,' or otherwise extraordinary." *Rudeen*, 2019 WL 5864501, at *1 (quoting *Ginett*, 962 F.2d at 1095). "Thus [o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for Rule 54(b) certification." *Id.* at *1 (quoting *Ginett*, 962 F.2d at 1096); *see also Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (entry of a final judgment pursuant to Rule 54(b) inappropriate "if the same or closely related issues" remain to be litigated). "But when the claims are 'separable'

4

or 'extricable' from each other, district courts have discretion to determine whether the entry of judgment under Rule 54(b) is appropriate." *Rudeen*, 2019 WL 5864501, at *1.

Here, Plaintiffs' claims against ADL for breach of contract and against Diakhate for Breach of Guaranty are completely "separable" and "extricable" from the fraud, misrepresentation, CUTPA, and conspiracy claims.  In short, Counts Three and Four simply allege that ADL was responsible for payment on a mortgage loan, which it defaulted on, and Diakhate failed to make payment under his unconditional Guaranty.  ADL and Diakhate admit this both in their Answer to the Complaint, [ECF No. 36], and in their response to Plaintiffs' Motion. [ECF No. 88].  The other counts alleging fraud and other misdeeds pertain to negotiations that induced Plaintiffs to enter into the mortgage loan in the first instance.  In addition, Diakhate has been criminally indicted, and the Court agrees that "there are very clear and pressing reasons why judgment should be swiftly entered against the ADL Defendants so that Plaintiffs may begin judgment collection," in that if financial assets held by ADL or Diakhate "exist, they are at risk of dissipation, fraudulent conveyance, or levy by other creditor[s]."  [ECF No. 82-2 at 18 (discussing detention order issued by Magistrate Judge Vatti in Diakhate's criminal case in which Judge Vatti commented that "there are potentially substantial monies that are believed to be in [Diakhate's] possession and unaccounted for and could be used to finance flight.")].  Thus, the Court finds that the relief Plaintiffs seek is appropriate under Rules 12(c) and 54(b), as there is no just reason for delay in entering judgment against ADL and Diakhate.

For this reason, and because the Court has reviewed Plaintiffs statements of amounts owed under the loan documents and Plaintiffs' claim for attorneys' fees, the Court enters the following Order: (1) entering partial final judgment, jointly and severally, against Defendants Moustapha Diakhate and Ansonia Developers, LLC (collectively, the "ADL Defendants") on Counts Three and Four of the Complaint in the amount of $4,169,103, with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961 from the date of final judgment until paid in full against each of the ADL Defendants, jointly and severally; (2) certifying that there is "no just reason for delay" pursuant to Fed. R. Civ. P. 54(b); (3) confirming that Plaintiffs may immediately obtain a writ of execution and begin any other judgment-collection activities against the ADL Defendants; (4) declaring that judgment against the ADL Defendants on Counts One, Two, Five, and Six will be delayed until final judgment is entered against all Defendants; and (5) declaring that Plaintiffs may move to amend the judgment at any time to add additional interest and their attorney's fees and costs.  The Clerk is directed to enter final judgment in favor of Plaintiffs against ADL and Diakhate as to Counts III and IV of Plaintiffs' First Amended Complaint, respectively.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 15, 2021